76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary W. PATRICK, Defendant-Appellant.
 No. 95-1295.
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1996.
 
 Before PORFILIO, MCKAY, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is a pro se appeal from the denial of a petition filed under 28 U.S.C. 2255. Mr. Patrick contends the district court erred by concluding he was not denied effective assistance of counsel and that his sentence was not correctly calculated. We affirm.
 
 
 3
 Mr. Patrick pled guilty to possession with intent to distribute more than five grams of cocaine base and carrying a firearm in connection with a drug trafficking crime. He was sentenced to two consecutive five-year terms. He now maintains he was deprived of effective assistance of counsel when his attorney did not advocate a lower sentence because some of the crack cocaine found in his possession at the time of his arrest was for personal use.
 
 
 4
 Had the issue of personal use been raised, the outcome would have been the same. Although defendant's argument subsumes the theory that possession of crack cocaine for personal use is a noncriminal act, the contrary is true. 21 U.S.C. 844(a). Thus, we consider Mr. Patrick's argument foreclosed by our holding in United States v. Rutter, 897 F.2d 1558, 1561 (10th Cir.), cert. denied, 498 U.S. 829 (1990).
 
 
 5
 There we held a sentence which was calculated in part upon a quantity of drugs in a dismissed count was permissible because the dismissed count could be considered relevant conduct. Although the offenses in this case and those in Rutter are different, the uncharged conduct in both cases was criminal in nature.
 
 
 6
 Thus, even had defense counsel maintained Mr. Patrick possessed part of the crack cocaine for his personal use, that possession, itself a crime, is relevant conduct includable in sentencing. For this reason, his counsel's failure to raise the issue was of no constitutional harm to Mr. Patrick, and his sentence was properly calculated.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3